**Gerald LAPIERRE**

v.

**EXECUTIVE INDUSTRIES, INC., et al.**

**Civ. No. H–84–794 (PCD).**

United States District Court,
D. Connecticut.

Nov. 4, 1987.

---

Kevin F. Bowen, Brignole & Bowen, Hartford, Conn., for plaintiff.

Edward M. Richters, Day, Berry & Howard, Hartford, Conn., for General Motors.

Margaret E. Corrigan, Howd & Ludorf, Hartford, Conn., for Executive Industries.

Ralph G. Eddy, Regnier, Taylor, Curran & Langenbach, Hartford, Conn., for Tofield R.V. Center.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

On October 1, 1987, during trial, defendant General Motors Corporation ("GM") moved for a directed verdict. Fed.R.Civ.P. 50. Plaintiff simultaneously moved to dismiss the action against GM voluntarily under Fed.R.Civ.P. 41(a)(2). GM was thereafter dismissed with the understanding that the court would decide, after the parties had been given a chance to brief the issues, whether the dismissal should be deemed to have entered pursuant to GM's motion, thus entitling GM to recover costs, or whether plaintiff's motion should have been granted, thus precluding an award of costs.

 Under Rule 41(a)(2), plaintiff is free to review his cause of action, determine its merit, and dismiss his claims rather than face an adverse judgment and subsequent award of costs. *See generally Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir.1980), *on remand* 94 F.R.D. 136 (S.D. N.Y.1982); *cf. Colombrito v. Kelly*, 764 F.2d 122, 123–34 (2d Cir.1985). A defendant is thereby freed of the cost of further defending the suit, facing a possible adverse decision at trial, or a reversal and new trial in the event a directed verdict is granted in his favor. Rule 50 on the other hand involves a determination by a judge that, based on the evidence presented, the plaintiff is not entitled to prevail against the defendant. That determination is made at trial and, if granted, entitles the prevailing party to costs. Fed.R.Civ.P. 54(d). The issue here is whether defendant is entitled to have a verdict directed in its favor, as it has moved, or may plaintiff preempt the granting of such a motion by moving to dismiss his claims against such defendant, with prejudice.[1]

---

1. No relevant authority has been cited by the parties nor discovered by the court.

Plaintiff argues that a directed verdict should not enter because:

(1) his claim was brought in good faith;

(2) the presence of GM precluded the remaining defendants from placing blame on an otherwise absent defendant; and

(3) defendant failed to file its motion for summary judgment.[2]

██ Plaintiff's good faith intention in filing his suit and trial strategy are not relevant to consideration of the issue presented herein. Neither is any claimed failure on GM's part to move for summary judgment. Plaintiff chose to file an action against GM and to bring that action to trial. A review of the evidence he intended to submit, plus the challenges that GM alerted plaintiff to in its trial preparation compliance, would, as readily, have yielded the conclusion that his claim as to GM was as meritless before trial as when plaintiff's case was concluded. Plaintiff could have withdrawn his action against GM before the case went to trial. The intention of Rule 41(a)(2) was to provide him with that right. Having failed to exercise that right and faced with defendant's motion after his case was concluded, he cannot preclude defendant from the exercise of its rights and the benefits under Rule 50. Having moved, defendant is entitled to a ruling and may not be preempted by the later resort by plaintiff to Rule 41(a)(2). Accordingly, GM's motion for a directed verdict is granted.

Plaintiff has also moved for a new trial on the grounds presented in his motion for sanctions filed on October 6, 1987. Plaintiff has failed to meet the burden imposed upon him by Fed.R.Civ.P. 59. Plaintiff was given a full and fair opportunity to present his case, including fully exploring the issues relating to Mr. Enoch Hutchcraft.

Accordingly, the motion for a new trial is denied.

SO ORDERED.

---

**2.** With regard to the last argument, defendant argues, and it is so found, that once plaintiff responded in his interrogatories that GM's warranty liability might be premised on oral representations made by defendant Tofield R.V. Center, Inc., as well as on the representations made by GM's written warranty, there were questions of fact as to GM's liability which could not be resolved under Fed.R.Civ.P. 56.